UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT JOHNSON,

       Plaintiff,

v.                                  CASE NO. 8:23-cv-1952-SDM-AAS

MAJOR R. THOMAS, *et al.*,

       Defendants.

_____/

**ORDER**

    Johnson's complaint alleges that the defendants violated his civil rights while he was imprisoned in the Hardee Correctional Institution ("HCI").  An earlier order (Doc. 4) grants Johnson leave to proceed *in forma pauperis*.  The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e).  Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), Johnson alleges no claim that he can pursue in a civil rights action under 42 U.S.C. § 1983.

    Affording the complaint a generous interpretation, Johnson alleges that the defendants harassed and attempted to intimidate him and that one defendant slapped

him across the face.  Johnson represents that officials at HCI were ordered to allow Johnson twelve hours of special access to review discovery materials as part of his civil action in the United States District Court for the Northern District of Florida, which action did not involve any of the defendants in the present action.

Johnson avers that on June 7, 2021, (1) he had a "legal review callout with classification," at which meeting he was handed hundreds of pages of discovery materials and video discs; (2) he was escorted into a secured room (a lieutenant's office) and was allowed nearly two hours to review the papers; and (3) he was "stared at" and "hovered over" in a threatening manner and verbally threatened about suing correctional officers of the Department of Corrections ("DOC"). Johnson represents that, notwithstanding these acts, he was "unfazed by the Defendants' threats."  (Doc. 1 at 7–8)

The next day Johnson was again escorted to the secured room to review the video discs on a laptop computer.  Johnson alleges (1) that one of the defendants asked him to remember the comments — supposed threats — from the day before and (2) that the defendant, "dissatisfied with the nonchalant expression on Plaintiff's face," "stormed out" of the room.  (Doc. 1 at 9)  Johnson was allowed to review — and take notes from — the videos and was afforded several "water and bathroom breaks" during the four-hour review session.  But, allegedly, Johnson's third request for a bathroom break was denied, his review session was later terminated, and he was escorted back to his cell to use the restroom.

Early the following morning Johnson's third session began.  He was escorted to the secured room to resume reviewing the video discs.  Less than thirty minutes into the session Johnson requested a water and bathroom break.  The security officer supervising the review session denied the request and told Johnson "that he had received strict orders from [Defendants] Major Thomas [and] Lieutenant Juisti to not permit him to use the restroom."  (Doc. 1 at 11)  Johnson admits (1) that at that point he engaged in an exchange of insults with the security officers and (2) that Defendant Major Thomas "stormed" into the room, kicked the back of the chair in which Johnson was seated, and slapped Johnson for "disrespect[ing] my staff." Johnson both alleges that Thomas grabbed his genitals and made a sexual gesture toward Johnson and admits that he then "engaged in a verbal feud" with Thomas. (Doc. 1 at 12)  After resuming his review of the video, Johnson later requested the security officer to allow him a bathroom break.  Johnson's request was denied, and he was advised that he would have to return to his cell, which would end his review session for that day.  Less than two hours after it started, the third session ended when Johnson requested to return to his cell.  Later that afternoon a classification officer attempted to coerce Johnson into signing a form acknowledging that he had forfeited his remaining hours to review the discovery materials.  Johnson refused to sign the form.

Johnson claims (1) that the following day he was not afforded another review session and as a consequence he filed a grievance, (2) that the grievance was ultimately granted but HCI did not afford him another review session, (3) that he

filed a motion with the relevant federal court to compel the remaining hours to review the discovery materials, and (4) that the court granted his motion and he was allowed to complete his review of the discovery materials without further incident.

Although decidedly unprofessional, neither harassment nor verbal abuse alone rises to the level of a constitutional violation.  "Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation." *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989).  *Accord Crenshaw v. City of Defuniak Springs*, 891 F. Supp. 1548, 1555 (N.D. Fla. 1995) (holding that "verbal harassment and abusive language, while 'unprofessional and inexcusable,' are simply not sufficient to state a constitutional claim under Section 1983"); *Hernandez v. Florida Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (holding (1) that plaintiff's allegations of verbal abuse and threats by prison officials did not state a constitutional claim because the defendants never carried out the threats and (2) that "verbal abuse alone is insufficient to state a constitutional claim"); *Munera v. Metro West Detention Ctr.*, 351 F. Supp. 2d 1353, 1362 (S.D. Fla. 2004) ("Verbal abuse and threats alone are not actionable as a matter of law."); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (holding that allegations of mere verbal abuse do not present an actionable Section 1983 claim); *Ivey v. Williams*, 832 F.2d 950, 955 (6th Cir. 1987) (holding that verbal abuse does not violate the Eighth Amendment); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (concluding that a prisoner's allegations

about prison staff harassment generally does not state a constitutional violation); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (holding that "disrespectful and assaultive comments," which allegedly denied prisoner "peace of mind," is not an Eighth Amendment violation); *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) (recognizing that officers allegedly threatening to kill an inmate is not cognizable under Section 1983).

Johnson admits both that he repeatedly requested a water and bathroom break and that he exchanged verbal insults with staff and "engaged in a verbal feud" with defendant Thomas about his repeated requests. Johnson claims both that he was "unfazed" by the defendants' alleged acts and was able to complete his review of the discovery materials. Further, Johnson (1) succeeded in using both the institution's informal grievance procedure when he grieved the denial of his remaining hours to review the discovery materials and the DOC's formal grievance procedure when he grieved Major Thomas's alleged sexual gesture and (2) prevailed on his motion to compel to allow him to conclude the review of the discovery materials. Because Johnson's allegations of verbal harassment state no actionable claim and because he incurred no harm to the civil action related to the review sessions, Johnson fails to state a claim that he can pursue in a civil rights action. Because he has no federal claim to pursue, the district court declines to retain supplemental jurisdiction over his state law claims for mental anguish, sexual harassment, assault and battery, and civil conspiracy.

* * * *

As shown above, Johnson fails to state a claim on which relief can be granted. Amendment of the action would prove futile because Johnson can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim upon which relief may be granted.  The clerk must enter a judgment of dismissal against Johnson and **CLOSE** this case.

ORDERED in Tampa, Florida, on December 11, 2023.

_____

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE