UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT JOHNSON,

    Plaintiff,

v.                                              CASE NO. 8:23-cv-1952-SDM-AAS

MAJOR R. THOMAS, *et al.*,

    Defendants.
_____/

**ORDER**

    Johnson's complaint alleges that the defendants violated his civil rights while he was imprisoned in the Hardee Correctional Institution. As discussed in an earlier order (Doc. 8), Johnson describes harassment and verbal taunts he endured while reviewing discovery materials authorized by the United States District Court for the Northern District of Florida in another action, which involved none of the defendants in the present action. After the defendants ended his review sessions before the authorized number of hours, Johnson successfully moved to compel the defendants to allow him to conclude his review of the discovery materials. Also, Johnson admits that he was "unfazed" by the defendants' behavior. An earlier order (Doc. 8) dismisses the complaint because Johnson sustained no actionable injury. Johnson moves (Doc. 10) under Rule 60(b), Federal Rules of Civil Procedure, for relief from judgment and argues that the claim he pursues is for retaliation for his

having exercised his First Amendment right to sue an employee of the Florida Department of Corrections, which suit was based on an incident while he was imprisoned in a different institution.

Retaliation for a prisoner's exercise of a constitutionally protected right is actionable even if the alleged retaliatory act, when taken for another reason, would have been proper. *See, e.g., Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989) (allegation that prisoner was placed in segregation in retaliation for filing grievances states a claim for violations of his First Amendment rights to freedom of speech and to petition the government for redress of grievances); *Wright v. Newsome*, 795 F.2d 964, 976 (11th Cir. 1986) (recognizing that an allegation that cell was searched and personal papers were confiscated in retaliation for filing both lawsuits and administrative grievances states a claim for violations of both the inmate's right of access to the courts and the inmate's First Amendment rights); *Bridges v. Russell*, 757 F.2d 1155, 1156-57 (11th Cir. 1985) (allegation that prisoner was transferred in retaliation for filing a grievance against work supervisor and encouraging other prisoners to sign petition states a claim for violation of First Amendment rights). And Johnson's request for nominal damages (Doc. 1 at 16) is a sufficient request for relief to allow a retaliation claim to proceed. *See Logan v. Hall*, 604 F. App'x 838, 841 (11th Cir. 2015)[*] (recognizing that a request for nominal damages supports allowing an action to proceed based on a First Amendment claim of retaliation).

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

Johnson's motion (Doc. 10) under Rule 60(b) is **GRANTED**.  The earlier order and judgment (Docs. 8 and 9) are **VACATED**.  The clerk must **RE-OPEN** this case.  The magistrate judge will issue an order that allows Johnson to proceed with service of process.

ORDERED in Tampa, Florida, on March 4, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE